W. G. RAGLEY v. J. T. ROBISON, COMMISSIONER, ETC.

No. 1995.    Decided March 16, 1910.

**1.—School Land—Sale of Timber—Purchase of Land by Assignee.**

Where application is made to purchase school land under section 8, of the Act of April 19, 1901, Laws 27th Leg., pp. 292, 297, the right being claimed by virtue of a previous sale of the timber thereon and ownership of the timber by the applicant, the Commissioner of the General Land Office is not required, if indeed he is authorized, to inquire into and determine the right of applicant to so purchase where his claim to ownership of the timber is of an equitable right only, arising from his having furnished the money to purchase it when the actual transfer of title was to another. (P. 243).

**2.—Same—Case Stated.**

L. purchased from the State the timber on a tract of school land, transferred his right to S., who in turn conveyed it to the R. McM. Lumber Co. This conveyance recited that the purchase money was paid by such Lumber Co. and by R. The latter, who was president of the Lumber Co., within five years from the sale of the lumber by the State, applied to purchase the land, asserting the right to do so under section 8, of the Act of April 19, 1901, as being a vendee of the title to the lumber by reason of having furnished the money to purchase same when it was conveyed to the Lumber Co. Held that his application to purchase was properly refused by the Land Commissioner. (Pp. 241–243).

Original application to the Supreme Court for writ of mandamus against the Commissioner of the General Land Office.

*W. W. Blake, D. W. Doom* and *D. H. Doom,* for relator.—The Act of 1901, cited by the court in the opinion, provides that the owner of the timber shall have the right to purchase the land. The deed from the State for the timber on this land recites a consideration of $2031.75, while the deed to the Ragley-McWilliams Lumber Company, which conveys a large amount of other lands, recites a consideration of $35,000, paid by the Ragley-McWilliams Lumber Company and W. G. Ragley; the legal presumption would arise that W. G. Ragley was the real owner of that part of the purchase which the statute forbids the corporation to buy. Hamilton v. Avery, 20 Texas, 612.

*Jewel P. Lightfoot,* Attorney-General, and *J. D. Walthall* and *L. A. Dale,* Assistants, for respondent.

MR. JUSTICE BROWN delivered the opinion of the court.

This is an original proceeding by W. G. Ragley to procure the issuance of a mandamus by this court against J. T. Robison, Commissioner of the General Land Office, upon substantially the following facts:

On the 15th day of February, 1904, J. D. Labrie purchased from the State of Texas the timber upon a certain tract of land, situated in Sabine County, and particularly described in the petition. The timber was required to be removed from the land within five years from the date of the purchase, and, in case of failure to so remove it, the timber, would be forfeited to the State. The purchaser, or his vendee, was granted the privilege to purchase the land on which the timber was standing at any time within the five years allowed for removing the timber, upon terms prescribed by law, which are not necessary to be recited here.

By proper conveyance Labrie transferred his right to Sprague and Toole, and, on the 20th day of August, 1906, the last named parties, by regular conveyance, transferred their interest in the timber to the Ragley-McWilliams Lumber Company, in which conveyance the receipt of the purchase money is acknowledged to have been paid by the said lumber company and W. G. Ragley; but it is not stated in what proportion the money was paid by the different parties. The conveyance of the timber was made to the lumber company. It is not alleged that the purchase was made for and on behalf of Ragley,

but simply that he paid the purchase price. It is alleged in the petition that on the 4th day of February, 1909, and before the expiration of the five years from the date of the original contract, W. G. Ragley filed in the General Land Office his application to purchase the land, complying in all respects with the provisions of the law regulating the sale of such land, and that the respondent refused the application, holding it without action, however, until the 18th day of March, 1909, when said respondent informed the relator that the timber upon the land had been forfeited and that the relator's application could not be accepted, as the legal title was vested in the lumber company. The petition alleges that the relator paid all of the purchase money and asserts that he thereby became the real owner of the contract for the purchase of the timber and was entitled to all of the rights secured thereby.

It is also alleged that the Commissioner has placed the said timber upon the market for sale the second time and that, unless prevented, the sale will be consummated and the petitioner's rights lost or complicated. It is alleged in the petition that there are no contested questions of fact in the case and it is prayed that a writ of mandamus issue to require the Commissioner of the General Land Office to accept the application of the relator to purchase the land.

The respondent replied by admitting the fact of sale of the land to Labrie, as alleged in the petition for mandamus, and the transfer to Sprague and Toole and, by the latter, to the Ragley-McWilliams Lumber Company, but alleging the fact that the conveyance vested the legal title to the said timber in the lumber company, respondent admitting that the consideration for the timber had been paid by the lumber company and by Ragley. Relator claims that under this state of facts the legal title was in the lumber company and that Ragley had no right to purchase the land.

It is also admitted that relator made application as alleged in the petition to purchase the land and complied with the terms of the law and that the same was refused by the Land Commissioner, for the reason that the said Ragley was not the owner of the timber. The Commissioner avers that he wrote to the relator advising him of the fact that he could not accept his application to purchase the land, for the reasons before stated, and that, after this letter was written, on March 15, 1909, the attorney for the relator wrote a letter to the respondent, stating that the application sent in was to purchase the land for Ragley-McWilliams Lumber Company, but, being president of the company, the relator had signed his own name by mistake instead of the name of the company and requested respondent to send him another blank in order that he might make an application for the lumber company.

The respondent further avers that on March 26, 1909, the timber being on the market for sale, the relator here filed an application for the purchase of the timber in the name of the Ragley-McWilliams Lumber Company, wherefore, respondent denies that the said relator was entitled to purchase the land upon his application.

When the State sold the timber on the land involved in this proceeding, the Act of 1901 was in force, which directed the sale of tim-

ber on lands designated and contained this provision: "The purchaser shall have five years from the date of his purchase within which to remove the timber therefrom, and in case of failure to do so, such timber shall thereby be forfeited to the State without judicial ascertainment; provided, that all timbered lands from which the timber has been cut and taken off may be placed on the market and sold as agricultural or grazing lands, according to classifications to be made by the Land Commissioner; provided, that upon application of the purchaser or his vendees of any such timber made within five years from the purchase of such timber the Commissioner of the General Land Office shall have said land classified at the expense of the owner of said timber as agricultural or grazing land, and the owner of said timber shall have the right to purchase said land at the valuation fixed by said Commissioner on the terms and conditions as other lands of like classification are sold under the provisions of this chapter." (Laws 1901, p. 297.)

The purchaser of the land was Labrie and the Ragley-McWilliams Lumber Company was the remote vendee in whom title to the timber was vested on the 4th day of February, 1909, when relator applied to purchase the land. The legal title being in the lumber company the Land Commissioner was not required (if, indeed, he was authorized so to do) to institute an inquiry into the equities between the lumber company and relator, growing out of the fact that the latter furnished a part of the purchase money. The facts alleged do not show that the land was bought by the lumber company for relator, but rather that the latter, as its president, purchased the land for the lumber company.

Relator shows no right to a writ of mandamus, and the application is refused.